# The Colonial Trust Co. *v.* Harmon Creek Coal Co., Appellant.

*Corporation — Corporate mortgage — After-acquired property—Mortgage.*

1. A provision in a corporate mortgage, which specifies that all after-acquired property of a corporation shall be subject to the lien of the mortgage, is valid and binding, but, in order to establish the liability, it must clearly appear that such was the intention of the parties.

2. Where this does appear, however, its effect will not be limited to a certain class of after-acquired property, merely because the latter is specifically stated to be subject to the lien.

3. Where a clause in a mortgage shows that it is the intention of the parties that all after-acquired property shall be subject to the lien, it will not be limited to property contiguous to that specifically described in the mortgage.

4. Unless controlled by other parts of a writing, language appearing therein will be construed according to its obvious import.

Argued October 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 104, March T., 1926, by defendant, from decree of C. P. Allegheny Co., Jan. T., 1926, No. 2587, on bill in equity, in case of The Colonial Trust Co. v. Harmon Creek Coal Co. Affirmed.

Bill to compel after-acquired property to be subjected to a corporate mortgage. Before SHAFER, P. J., and MOORE, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned* was decree, quoting it.

*John B. Eichenauer,* of *Rose & Eichenauer,* with him *R. A. Applegate,* for appellant.—To cover after-acquired property in a mortgage, either express terms for that

purpose must be used or it must clearly appear from the provisions of the mortgage that such was the manifest purpose of the parties: Phila., W. & B. R. R. v. Woelpper, 64 Pa. 366; Maxwell v. Mfg. Co., 77 Fed. 938.

The provisions of the covenant for further assurances with respect to after-acquired property, are necessarily limited to the class of after-acquired property included in the mortgage, which does not include the property of appellant company here in dispute.

*M. W. Acheson, Jr.,* of *Sterrett & Acheson,* for appellee.—The intention to cover all after-acquired property clearly appears from the mortgage: Hurley v. Ashbridge, 55 Pa. Superior Ct. 523; Phila., W. & B. R. R. v. Woelpper, 64 Pa. 366.

OPINION BY MR. JUSTICE SIMPSON, November 22, 1926:

By its bill in equity in this case, plaintiff sought to compel the defendant coal company to comply with a covenant for further assurances, appearing in a mortgage given by it to plaintiff, as trustee for bondholders, so far as related to a specified coal property, acquired by defendant after the date of the mortgage, and also to pay to plaintiff the stipulated amount per ton for coal mined from that property. Defendant answered, and the case was tried in due course, resulting in a final decree in favor of plaintiff, from which this appeal is taken.

By the covenant referred to, defendant agreed "from time to time to make, do, execute, acknowledge and deliver such further acts, deeds, covenants and assurances in the law as may be reasonably advised or required for effectuating the intention of these presents, and for the better assuring or confirming to the trustee......all and singular the property, real, personal and mixed,...... either now owned or possessed, or hereafter owned, possessed or acquired" by it.

Defendant admits that it later acquired and now owns the property referred to; that it has been mining coal

therefrom and has not paid to plaintiff the stipulated amount per ton; that the clause in its mortgage covering after-acquired property is valid (Phila., Wilmington & Baltimore R. R. Co. v. Woelpper, 64 Pa. 366); and that it can be required to make such assurances and such payments with respect to all after-acquired property which is fairly within the covenant quoted, but avers that the land described in the bill is not within the terms of that covenant. Stated specifically, defendant's contention is that, since paragraph sixth of the mortgage recites under what circumstances certain after-acquired property may be obtained, and in terms subjects it, if thus obtained, to the lien of the mortgage, this operates to limit the meaning of the clause "all..... the property......hereafter owned, possessed or acquired" by defendant, appearing in the covenant quoted and in several other places in the bonds and mortgage.

To this we cannot assent. The main purpose of paragraph sixth is to provide for squaring defendant's property lines with those of adjoining owners, and for selling such parts of the mortgaged premises as are no longer useful or necessary to the company—in each case freed and discharged of the lien of the mortgage. Without such a provision the power to sell might be held not to exist. Being given expressly, however, it became necessary to fix the status of the land acquired by defendant in squaring the lines, and of the funds obtained on the sale of the property no longer needed in defendant's business. It was, therefore, provided that the funds might, under the conditions specified, be invested in other coal property, and that this land, and that received in exchange when squaring the property lines, should be subject to the lien of the mortgage, and a supplemental mortgage should be executed to accomplish the same purpose. As if this were not sufficient, the paragraph later repeats that "All property taken in exchange, or acquired with the proceeds of sales, shall immediately be and become subject to the lien of this mortgage in the

same manner and to the same extent as if now included therein." It is clear to us that each and all of these repetitions were inserted only ex majori cautela, not as limiting the all-inclusive language elsewhere appearing, but rather in order to forestall a possible contention that properties acquired under the conditions stated in this paragraph were not to be covered by the lien of the mortgage; thus making certain that such a limitation was not intended under any circumstances. While the unnecessary provisions for a supplemental mortgage and for subjecting the same property to the old mortgage, furnished an opportunity for an ingenius argument, to which we listened with interest, they do not, when properly weighed, cast the slightest doubt on the intention to subject all defendant's after-acquired property to the lien of the mortgage.

Another consideration leads to the same conclusion. If the sixth paragraph defines all the after-acquired property which is to become thus subject, then franchises and later acquired personalty, no matter how essential they may be to the operation of the coal mines as going concerns, do not become liable, though the main purpose of the mortgage was to protect the bondholders by making "all the property, real, personal and mixed, and all the rights, privileges and franchises of the coal company now owned or hereafter acquired" subject to the lien. That appellant's argument leads to the conclusion stated, is evident from the fact that, though the sixth paragraph gives to defendant "the right at all times to alter, replace, change, add to, repair, and dispose of, any and all machinery and fixtures," it is only the "property taken in exchange" in squaring the lines, and "real estate" acquired with the proceeds of sales of unneeded property, that is therein stated to "become subject to the lien of this mortgage." This necessary result of defendant's contention definitely proves that it cannot be sustained. It is true, as appellant contends, that it "must clearly appear from the language of the

[mortgage] that [it was] the manifest intention of the parties" that after-acquired property should be covered by it, but here admittedly it was so intended, and our question is whether it was after-acquired property generally, or only that obtained in the ways specified in paragraph sixth. We are satisfied it was the former.

We have not overlooked the further assertion that the mortgage, so far as after-acquired property is concerned, should be held to relate to property contiguous to the tracts particularly described, but neither paragraph sixth, nor any other provision in the mortgage, either directly or inferentially so provides. In paragraph sixth, there is no limitation as to the location of land to be acquired with the proceeds of unneeded property sold. Nor is there the slightest intimation of such a limitation elsewhere. Everywhere it is said that *all* after-acquired property is to be subject to the lien of the mortgage, and we can only repeat that *"all"* means all.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.